■ In the Matter of GLENN LEWIS, Petitioner, v JOHN DOHERTY, Respondent. [741 NYS2d 868] —Determination of respondent Commissioner of the New York City Department of Sanitation, dated October 26, 1995, which terminated petitioner from his employment as a sanitation worker without a hearing, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Emily Goodman, J.], entered December 6, 2000, and bringing up for review an order and judgment [one paper], same court and Justice, entered November 5, 1997, which denied petitioner's application to annul the termination of his employment without prejudice to reopening upon issuance of a new decision by the Administrative Law Judge), dismissed, without costs. Appeal from order, entered November 5, 1997, unanimously dismissed, without costs, as superseded by the transfer order entered December 6, 2000.

Respondent terminated petitioner's employment without a hearing after he tested positive for illegal drugs several months after he was reinstated as a probationary employee. Petitioner brought an article 78 proceeding alleging that he should have been reinstated as a tenured employee, not a probationary employee, and was therefore entitled to a pre-termination hearing. The IAS court referred the matter to OATH for an evidentiary hearing on whether the City Personnel Director had determined to reinstate petitioner on a probationary basis; if so, whether petitioner was afforded an opportunity to respond to such designation; and whether respondent met his burden of showing that the positive urine samples were petitioner's. Substantial evidence adduced at that hearing supports the findings that were made in those respects in favor of respondent and against petitioner, and, accordingly, we confirm. We have considered petitioner's other arguments, including that he was entitled to summary relief on the pleadings and that the referral to OATH was improper, and find them unavailing. Concur—Tom, J.P., Mazzarelli, Andrias, Ellerin and Rubin, JJ.